UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MERYL L. BLASS,

    Plaintiff,

v.                                         Case No. 2:13-cv-00547-SPC-DNF

J.C. PENNEY CORPORATION, INC.,

    Defendant.

_____

**PLAINTIFF'S MOTION FOR THE COURT TO DEFER CONSIDERING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNTIL DISCOVERY IS COMPLETE**

Plaintiff, by and through the undersigned counsel, hereby files this Motion for the Court to Defer Considering Defendant's Motion for Summary Judgment Until Discovery is Complete pursuant to Fed. R. Civ. P. 56(d)(1)-(2), and in support thereof states as follows:

## I. INTRODUCTION

This is a premises liability action arising out of a slip and fall that took place at Defendant, J.C. PENNEY CORPORATION, INC.'s, property located at 1900 Tamiami Trail, Naples, Florida. Plaintiff's Amended Complaint, a copy of which is attached hereto as Exhibit "A", alleges that on August 18, 2012, Defendant owned, operated, or controlled property located at 1900 Tamiami Trail, Naples, Florida. Plaintiff further alleges that Defendant had a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of invitees on the premises. Plaintiff further alleges that Plaintiff was on the property controlled by Defendant as a consumer and therefore was a business invitee.

Plaintiff's deposition was taken on February 6, 2014. Plaintiff testified that she walked into the store and was walking past the jewelry counter which was on her left side and there were

tables on her right side. *See* Plaintiff's deposition transcript filed with Defendant's Motion for Summary Judgment P. 19, L. 7-11. She then testified that she slipped and fell on clear liquid. *Id.* at P. 31, L. 18-22. She described the liquid she fell on as two large puddles about six inches in size. *Id.* at P. 90, L. 14-22. She testified that after she fell a store security guard, Steve Debo and another employee named Myles, came to the scene of the incident. She testified that Myles took photographs of her shoes, her knee and the clear liquid on the floor. *Id.* at P. 91.

Defense counsel stated on the record at deposition that he possessed a video of the incident in question. He stated, "I have a video of this - - which is not very long. It's maybe - - we can have this on the record because I'm done. I don't even think it's a minute or two…I want you to get a copy of it." *Id.* at P. 89, L. 5-11.

Defendant then sent Plaintiff's counsel a letter with the video on February 12, 2014. *See* letter from the Defendant's attorney attached hereto as Exhibit "B". Unfortunately the video was corrupt and Plaintiff has requested another copy of the video. A working copy of the video was received on March 3, 2014. The video does show two employees respond to the scene, including one employee who fills out an incident report. *See* video of incident which has been submitted to the Court by Defendant.

## II. MOTION

Fed. R. Civ. P. 56(d), "When Facts are Unavailable to the Nonmovant," states, "If a nonmovant shows by affidavit[1] or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery…"

In the instant matter, despite diligent efforts, Plaintiff has yet to be able to set the depositions of "Steve Debo" identified by Plaintiff in her deposition as a security guard or "Myles" identified by Plaintiff in her deposition as a store employee. In fact, Plaintiff has requested further information about these former employees from the Defendant through Interrogatories and Plaintiff's Interrogatories were met with incomplete answers or objections. *See* Defendant's Answers to Interrogatories attached hereto as Exhibit "C". Plaintiff asked for the last known address of Steve/Steven Debow.[2] Defendant responded, "Steve Debow worked at the J.C. Penney store whose address is indicated in the Complaint." This response does not aid Plaintiff in setting the deposition of Steve Debow. Steve Debow may have further information about the liquid on the floor. Plaintiff asked for the last known address, telephone number and full name of employee Miles who was on the property at the time of the accident. Defendant responded, "Objection as vague, ambiguous and incomplete. Additionally, JCP does not know who is referred to by 'Miles' or if such person was an employee at the time of Plaintiff's alleged event." Again, Defendant's lack of cooperation has not allowed Plaintiff to complete discovery. The employee identified as Myles may have further information about the liquid on the floor.[3]

Furthermore, on October 9, 2012, Plaintiff's counsel sent the Defendant a spoliation letter which demanded that Defendant preserve video of the incident starting two (2) hours prior and ending two (2) hours after the occurrence. A copy of the letter is attached hereto as Exhibit "D". In a premises liability case, which requires Plaintiff to prove that the Defendant knew or should have known of a transitory foreign substance on the floor, one of the only ways to prove actual or constructive notice of the condition is by way of video. In light of Defense counsel's

---

[1] *See* Plaintiff's affidavit in support of this Motion attached hereto as Exhibit "E".
[2] Steve Debow no longer works for the Defendant and Plaintiff is required to subpoena the former employee for deposition. Thus, Plaintiff needs the former employee's last known address.

statement on the record, "I have a video of this - - which is not very long. It's maybe - - we can have this on the record because I'm done. I don't even think it's a minute or two…I want you to get a copy of it", it seems clear that the Defendant did not preserve the video for two hours before to two hours after and thus may have destroyed evidence essential to Plaintiff proving her case. Therefore, Plaintiff will need to take further discovery depositions of employees responsible for handling the video surveillance equipment when the video was pulled concerning this particular incident. Furthermore, there is a potential spoliation of evidence argument to be made depending on what this further discovery uncovers.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Motion for Summary Judgment and allow Plaintiff further time to complete discovery, and take such other action as it deems appropriate.

---

[3] Again, this employee can be seen in the video filling out an incident report. If his name is not Miles or Myles, Defense should still be able to recognize him and disclose his name to Plaintiff so Plaintiff can take his deposition.

Respectfully submitted this 6th day of March, 2014.

/s Christopher J. Smith
Christopher J. Smith, Esquire
Florida Bar No. 0046260
GOLDSTEIN, BUCKLEY, CECHMAN, RICE &
PURTZ, PA
Attorneys for Plaintiff
1515 Broadway
Post Office Box 2366
Fort Myers, FL 33902-2366
Telephone: (239) 334-1146
Fax: (239) 334-3039
E-mail: csmith@gbclaw.com

## CERTIFICATE OF SERVICE

I certify that on March 6, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael A. Garcia, Esq., Fowler, White, Burnett, P.A., Espirito Santo Plaza 14th Floor, 1395 Brickell Ave., Miami, FL 33131.

/s Christopher J. Smith
Christopher J. Smith, Esquire
Florida Bar No. 0046260
GOLDSTEIN, BUCKLEY, CECHMAN, RICE &
PURTZ, PA
Attorneys for Plaintiff
1515 Broadway
Post Office Box 2366
Fort Myers, FL 33902-2366
Telephone: (239) 334-1146
Fax: (239) 334-3039
E-mail: csmith@gbclaw.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MERYL L. BLASS,

    Plaintiff,

v.                                      Case No. 2:13-cv-00547-SPC-DNF

J.C. PENNEY CORPORATION, INC.,

    Defendant.

_____

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, MERYL L. BLASS, by and through the undersigned attorneys, sues the Defendant, J.C. PENNEY CORPORATION, INC., and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceed $15,000.

2. Defendant, J.C. PENNEY CORPORATION, INC., is now, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Delaware and duly authorized and licensed to do business in the State of Florida.

3. On or about August 18, 2012, Defendant, J.C. PENNEY CORPORATION, INC., owned, operated, managed and/or controlled property located at 1900 Tamiami Trail N, Naples, Collier County, Florida, that was open to the general public.

4. At all times material to this cause of action, Plaintiff, MERYL L. BLASS, was a consumer on the premises and was therefore upon the premises as a business invitee.

5. At all times material to this cause of action Defendant, J.C. PENNEY CORPORATION, INC., as owner, operator, and/or manager of said premises, had a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of invitees on the premises.

Exhibit A    Page 1

6. On or about August 18, 2012, Plaintiff, MERYL L. BLASS, as she was walking by the jewelry counter, slipped and fell on liquid, causing Plaintiff to sustain severe personal injuries as hereinafter described.

7. The liquid appeared to be a puddle of water approximately 12 inches in diameter which constituted an unreasonably dangerous condition.

8. There were also other drips of water on the floor near the puddle of water.

9. Defendant is in possession of a store surveillance video recording that apparently shows the incident at issue, as well as photographs that show the area of the incident as it existed at the time of the incident. Defendant has refused to turn this evidence over to Plaintiff.

### COUNT I – PREMISES LIABILITY, FAILURE TO KEEP PROPERTY IN A REASONABLY SAFE CONDITION

10. Plaintiff realleges paragraphs one through nine as if fully set forth herein, and further alleges:

11. Defendant, J.C. PENNEY CORPORATION, INC. , its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:

   a. Failing to provide a safe place for their invitees;

   b. Creating an unreasonably dangerous condition;

   c. Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;

   d. Failing to inspect, discover and correct the aforementioned dangerous condition;

   e. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition.

12. Defendant, J.C. PENNEY CORPORATION, INC., knew, or in the exercise of reasonable care should have known, of the existence of the dangerous and hazardous condition as described

Exhibit A  Page 2

above, and Defendant was negligent in not eliminating said dangerous condition.

13. As a result, Plaintiff, MERYL L. BLASS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, aggravation of a previously existing condition and numerous medical expenses. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, MERYL L. BLASS, sues the Defendant, J.C. PENNEY CORPORATION, INC., for compensatory damages in an amount in excess of $15,000, exclusive of interest and costs, and demands a trial by jury of all issues triable as of right by a jury.

## COUNT II – PREMISES LIABILITY, FAILURE TO WARN

14. Plaintiff realleges paragraphs one through nine as if fully set forth herein, and further alleges:

15. Defendant, J.C. PENNEY CORPORATION, INC., its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things, failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against same.

16. Defendant, J.C. PENNEY CORPORATION, INC., knew, or in the exercise of reasonable care should have known, of the existence of the dangerous and hazardous condition as described above, and Defendant was negligent in not warning Plaintiff of said condition.

17. As a result, Plaintiff, MERYL L. BLASS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, aggravation of a previously existing condition and numerous medical expenses. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

Exhibit A   Page 3

WHEREFORE, Plaintiff, MERYL L. BLASS, sues the Defendant, J.C. PENNEY CORPORATION, INC., for compensatory damages in an amount in excess of $15,000, exclusive of interest and costs, and demands a trial by jury of all issues triable as of right by a jury.

Respectfully submitted this 26th day of August, 2013.

/s Christopher J. Smith  
Christopher J. Smith, Esquire  
Florida Bar No. 0046260  
GOLDSTEIN, BUCKLEY, CECHMAN, RICE & PURTZ, PA  
Attorneys for Plaintiff  
1515 Broadway  
Post Office Box 2366  
Fort Myers, FL 33902-2366  
Telephone: (239) 334-1146  
Fax: (239) 334-3039  
E-mail: csmith@gbclaw.com

## CERTIFICATE OF SERVICE

I certify that on August 26, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael A. Garcia, Esq., Fowler, White, Burnett, P.A., Espirito Santo Plaza 14th Floor, 1395 Brickell Ave., Miami, FL 33131.

/s Christopher J. Smith  
Christopher J. Smith, Esquire  
Florida Bar No. 0046260  
GOLDSTEIN, BUCKLEY, CECHMAN, RICE & PURTZ, PA  
Attorneys for Plaintiff  
1515 Broadway  
Post Office Box 2366  
Fort Myers, FL 33902-2366  
Telephone: (239) 334-1146  
Fax: (239) 334-3039  
E-mail: csmith@gbclaw.com

Exhibit A  Page 4



Espirito Santo Plaza
Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131

www.fowler-white.com

Michael Alexander Garcia
(305) 789-9238 direct
(305) 789-9201 fax
mgarcia@fowler-white.com

February 12, 2014

**VIA FACSIMILE AND FIRST CLASS MAIL**

Christopher J. Smith, Esq.
Goldstein, Buckley, Cechman, Rice & Purtz, P.A.
P.O. Box 2366
Fort Myers, Florida 33902-2366

Re: Meryl L. Blass v. J.C. Penney Corporation, Inc.
Our File No. 86245

Dear Mr. Smith:

Further to your request and at our expense, enclosed please find a copy of the video of the subject incident for your records.

Sincerely,

FOWLER WHITE BURNETT, P.A.

Michael Alexander Garcia

Enclosure

W:\86245\LETOPP84-MAG.docx

Exhibit B   Page_____

Miami • Fort Lauderdale • West Palm Beach

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:13-cv-00547-SPC-DNF

MERYL L. BLASS,

    Plaintiff,

v.

J.C. PENNEY CORPORATION, INC.,

    Defendant.

## NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES

Defendant, J.C. Penney Corporation, Inc., hereby gives notice of service of its Answers to Plaintiff, Meryl L. Blass's Interrogatories, attached hereto.

Respectfully submitted,

_____
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 789-9200
Facsimile:  (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via email this 23 day of January, 2014 to Christopher J. Smith, Esq., Goldstein, Buckley, Cechman, Rice & Purtz, P.A., cjs@gbclaw.com, gsd@gbclaw.com, yxm@gbclaw.com and bkennedy@gbclaw.com.

_____
Michael Alexander Garcia

W:\86245\NOTSAI50-MAG.docx

Exhibit __C__ Page __1__

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:13-cv-00547-SPC-DNF

MERYL L. BLASS,

    Plaintiff,

v.

J.C. PENNEY CORPORATION, INC,

    Defendant.

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, J. C. Penney Corporation, Inc. ("JCP"), by and through undersigned counsel and in accordance with the applicable Federal Rules of Civil Procedure and Local Rules of this Court, hereby Answers Plaintiff's Interrogatories to it and in furtherance thereof JCP states:

### I. GENERAL OBJECTIONS

1.    Wells Fargo objects to each Interrogatory to the extent that the Interrogatory calls for disclosure of any privileged information, including without limitation, attorney-client and/or work-product communications, or work-product documentation.

2.    Wells Fargo objects to each Interrogatory that calls for information prepared in anticipation of litigation or for trial or constitutes a business or trade secret of Wells Fargo and without the showing by Plaintiff as required by the applicable Federal Rules of Civil Procedure.

3.    Defendant objects to each interrogatory that calls for any information reflecting the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Defendant.

4.    Defendant objects to each interrogatory which fails to describe or define the documents or information sought with reasonable particularity or is vague and ambiguous.

Exhibit __C__ Page __2__

5. Defendant objects to each interrogatory to the extent that it seeks disclosure of any confidential or proprietary information.

6. Defendant objects to any interrogatory that is a) unreasonably cumulative or duplicative; b) seeks materials or information obtainable from some other source that is more convenient, less burdensome or less expensive or c) otherwise constitutes an abuse of the applicable discovery rules.

7. Defendant reserves the right to amend and/or supplement the following answers. Discovery has only commenced and the following answers are subject to change, modification or supplementation as discovery is ongoing.

## II. SPECIFIC RESPONSES AND OBJECTIONS

1. What is the last known address and telephone number of Steve/Stephen Debow?

**ANSWER:** Steve Debow worked at the J.C. Penney store whose address is indicated in the Complaint.

2. What is the last known address, telephone number and full name of employee Miles who was on the property at the time of the accident?

**ANSWER:** Objection as vague, ambiguous and incomplete. Additionally, JCP does not know who is referred to by "Miles" or if such person was an employee at the time of Plaintiff's alleged event.

3. What is the last known address, telephone number and name of the female witness listed on the incident report?

**ANSWER:** Objection as this Interrogatory seeks disclosure of information protected under the attorney client privilege, the work product doctrine or the work product privilege or as materials prepared in anticipation of litigation. JCP also objects as the Interrogatory is vague and ambiguous and JCP does not know whom is meant by "female witness" whom appears on an incident report which Plaintiff appears to have wrongfully obtained in violation of the aforesaid privileges.

Exhibit __C__ Page __3__

- 2 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 2:13-cv-00547-SPC-DNF

## VERIFICATION

I have read the foregoing Answers to Interrogatories and do swear that they are true and correct to the best of my knowledge and belief.

_____

STATE OF FLORIDA         )
                         ) ss:
COUNTY OF                )

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2013 by _____, who is personally known to me or who has produced _____ as identification.

_____
Notary Public, STATE OF FLORIDA

Print Name: _____

My Commission Expires:

Exhibit C   Page 4

- 3 -

# GOLDSTEIN, BUCKLEY, CECHMAN, RICE & PURTZ, P.A.
## ATTORNEYS AT LAW

RAY GOLDSTEIN
STEPHEN W. BUCKLEY
JOHN B. CECHMAN, BCS*
J. JEFFREY RICE, BCS* + ²
RICHARD L. PURTZ, BCS*
* Board Certified Specialist in Civil Trial
² Certified Mediator by FL Supreme Court
+ Board Certified Specialist in Business Litigation and Construction Law

2590 Northbrooke Plaza Drive, #105
Naples, Florida 34119
(239) 514-0924
Fax (239) 514-2463

Email: info@gbclaw.com

PAUL A. RYAN
CHRISTOPHER J. SMITH
ZACHARY M. GILL
ELIZABETH M. VAN DEN BERG

October 9, 2012

JCPenney
2076 9th Street N.
Naples, FL 34102

Re: Our Client:    Meryl L. Blass
    D/Accident:    08/18/2012
    Our File No.:  120589

Dear Sir or Madam:

Please be advised, this office has the honor of representing Meryl L. Blass with respect to a fall which occurred on 8/18/2012 in your store, in front of jewelry counter. It is our understanding that there may be a videotape documenting the occurrence in which Mrs. Blass was injured.

At this time, we would request that a copy of any such videotape be made and forwarded to this office for our inspection. We would be happy to cover the cost of any duplication of said videotape. We request that you copy the videotape starting two (2) hours prior and ending two (2) hours after the occurrence.

In the eventuality that such videotape exists but you refuse to provide a copy of it based on privilege or otherwise, please be advised that this letter constitutes specific notification and demand that the subject videotape, which should include two (2) hours prior and two (2) hours after the incident, be preserved as evidence for potential litigation in this matter. Any destruction or loss of said videotape would be viewed as spoliation of evidence, or alternatively, intentional destruction of evidence.

Very truly yours,

GOLDSTEIN, BUCKLEY,
CECHMAN, RICE & PURTZ, P.A.

Richard L. Purtz

RLP/mxz
Cc: Mary Price/Chartis Claim#2012032864
    Cary Elliott/Chartis Claim#684404517

Exhibit D   Page ___

### OFFICES

| FORT MYERS | LEHIGH ACRES | CAPE CORAL | NAPLES | PORT CHARLOTTE |
|---|---|---|---|---|
| (239) 334-1146 | (239) 368-6101 | (239) 574-5575 | (239) 514-0924 | (941) 624-2393 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MERYL L. BLASS,

    Plaintiff,

v.

J.C. PENNEY CORPORATION, INC.,

    Defendant.

Case No. 2:13-cv-00547-SPC-DNF

## AFFIDAVIT

STATE OF FLORIDA    )
    ) SS:
COUNTY OF Collier    )

    BEFORE ME, the undersigned authority, personally appeared Meryl Blass, who after being duly cautioned and sworn, deposed and said:

1. I was involved in the slip and fall that is the subject of this lawsuit.

2. At present I have not gathered all information necessary to respond to Defendant's Motion for Summary Judgment.

3. Furthermore, Defendant has inhibited me from being able to prove my case.

4. I have exhibited diligent efforts in attempting to set depositions of Defendant's employees or former employees Steve Debow and Myles, including sending discovery questions to the Defendant. I have yet to be able to locate these gentlemen for deposition. The Defendant has not cooperated in setting their depositions.

5. Both of these gentlemen were at the scene of my incident and may have further knowledge of the condition that caused me to slip and fall.

6. Myles also took photographs of the scene of my incident which may give insight into the condition that caused my fall. Defendant has yet to furnish these photographs to me.

7. I demanded that Defendant preserve video of the incident for two hours prior to, until two hours after my incident. Defendant has failed to do so.

Exhibit E    Page 1

8. For these reasons, I need further time to complete discovery in this matter.

FURTHER AFFIANT SAITH NAUGHT

_____
Meryl Blass
Affiant

BEFORE ME, the undersigned authority, personally appeared, __Meryl Blass__, who is personally known to me/not personally known to me but produced the following identification: DL # B420-540-50-544-0 and who, upon being first duly sworn according to law, deposes and says that she executed the foregoing Affidavit and that the statements made herein are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this __3rd__ day of __March__, 2014.

_____
Notary Public, State of Florida

(SEAL)

Notary Public State of Florida
Crystal B Sanchez
My Commission FF 060127
Expires 12/08/2017

Exhibit __E__ Page __2__