UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MERYL L. BLASS,

    Plaintiff,

v.                                     Case No: 2:13-cv-547-FtM-38DNF

J.C. PENNEY CORPORATION, INC.,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant J.C. Penney Corporation, Inc.'s Motion for Summary Judgment (Doc. #29) filed on February 21, 2014 and Plaintiff Meryl L. Blass' Motion for the Court to Defer Considering Defendant's Motion for Summary Judgment Until Discovery is Complete (Doc. #32), which includes Plaintiff's Affidavit in support of her motion (Doc. #32), filed on March 6, 2014. Defendant filed its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. #33) on March 6, 2014. Thus, Plaintiff's Motion is now ripe for review.

## BACKGROUND

On July 25, 2013, Plaintiff commenced this negligence action against Defendant by filing a Complaint (Doc. #1) alleging that she slipped and fell on a puddle of liquid in

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Defendant's retail store located at 1900 Tamiami Trail in Naples, Florida.  Plaintiff alleges that Defendant had a duty to exercise reasonable care to maintain the premises in a reasonably safe condition and failed to warn her of any dangerous condition that existed in the store.  A Case Management and Scheduling Order (Doc. #22) was thereafter issued, setting a discovery deadline of May 5, 2014, and a dispositive motion deadline of June 5, 2014.[2]  On February 21, 2014, Defendant moved for summary judgment (Doc. #29), arguing that, as a matter of law, there were no disputed issues of material fact as to whether it had actual or constructive notice of any liquid being on the floor for any extended period of time.  Plaintiff responded with the instant Motion (Doc. #29), requesting that the Court defer consideration of summary judgment until the fact discovery deadline has passed in order to allow her additional time to complete discovery and respond to Defendant's Motion for Summary Judgment.  Defendant opposes Plaintiff's Motion and maintains that further discovery will not alter any material fact regarding its alleged negligence.  (Doc. #33).

## **DISCUSSION**

Under Rule 56(d) of the Federal Rules of Civil Procedures, if the party opposing summary judgment "shows by affidavit or declaration, for specified reasons, that [she] cannot present facts essential to [her] opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  Courts generally should not grant summary judgment until the party opposing has had an opportunity to conduct discovery.  *See Kahama VI, LLC v. HJH, LLC,* No. 8:11-cv-2029, 2014 U.S. Dist. LEXIS

---

[2] Plaintiff brings the instant Motion and supporting Affidavit within the discovery deadline of May 5, 2014 (Doc. #22).

2

16429, at *4 (M.D. Fl. Feb. 10, 2014) (citing *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988)).

In *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841 (11th Cir.1989), the Eleventh Circuit stated that

> Rule 56[d] specifically addresses the question of summary judgment before discovery has taken place. The party opposing summary judgment may move the court to permit the discovery necessary to oppose the motion. The party seeking to use rule 56[d] may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather [s]he must specifically demonstrate how the postponement of a ruling on the motion will enable h[er], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.[3]

*Id.* at 843; *see also Ashmore v. Secretary, Dep't of Transp.*, 503 F. App'x 683, 686 (11th Cir. 2013) (stating that courts are not obligated to grant motions under Rule 56(d) where they do not comply with its requirements (citing *Reflectone*, 862 F.2d at 844)). Additionally, in *Harbert Int'l v. James*, 157 F.3d 1271 (11th Cir. 1998), the Eleventh Circuit expounded upon the Rule 56(d) requirements as follows:

> A Rule 56[d] motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment. Whether to grant or deny a Rule 56[d] motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party.

*Id.* at 1280 (internal citations omitted).

In this case, Plaintiff's Affidavit (Doc. #32, Ex. E at ¶¶ 4-7) points to specific testimony and items of discovery to assist her in defending against Defendant's Motion

---

[3] Although the Eleventh Circuit discussed the previous Rule 56(f) in *Reflectone* and *Harbert*, the Federal Rules of Civil Procedure were amended in 2010, and *Reflectone* and its progeny are still dispositive of the Court's Rule 56(d) analysis. *See Ashmore v. Secretary, Dep't of Transp.*, 503 F. App'x 683, 686 (11th Cir. 2013) (denying a Rule 56(d) request made after the discovery deadline).

for Summary Judgment.  See Kahama, 2014 U.S. Dist. LEXIS 16429, at *4 ("If the discovery sought is relevant to the issues presented in the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." (citation omitted)).  Plaintiff seeks to depose two of Defendant's employees/former employees, *i.e.*, Steve Debo and an individual allegedly named "Myles," who may have knowledge of and relevant information about the condition of the floor where Plaintiff slipped and fell in Defendant's store.  (Doc. #32, Ex. E at ¶¶ 4-6).  Plaintiff affirms that she diligently attempted to set these individuals' depositions, but Defendant's vague Interrogatory responses about their contact information has prevented her from locating them.  (Doc. #32, Ex. E at ¶ 4); *see also* Cordero v. Readiness Mgmt. Support, L.C., No. 6:11-cv-1692, 2012 U.S. Dist. LEXIS 123036, at *3 (M.D. Fla. Aug. 29, 2012) ("[A] party will not be entitled to conduct further discovery under Rule 56(d) where the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery.").  Finally, Plaintiff demanded that Defendant preserve a video of the incident in question for two hours prior to and ending two hours after the incident.  (Doc. #32, Ex. E at ¶ 7).  Defendant, however, has provided a video that lasts only a few minutes.

Although the Court is aware that Defendant objects to Plaintiff's Motion, the Court finds good cause to grant it so that the necessary discovery may be completed within the timeframes set forth in the Case Management and Scheduling Order (Doc. #22).

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion for Summary Judgment (Doc. #29) is **DENIED as premature** but may be refiled prior to the dispositive motions deadline if Defendant so chooses.

(2) Plaintiff's Motion for the Court to Defer Considering Defendant's Motion for Summary Judgment Until Discovery is Complete (Doc. #32) is **GRANTED**.

(3) Defendant shall produce the last known home address maintained in their files for Steve Debo and "Myles" by **March 21, 2014**.  If, despite a thorough and complete review of its records, Defendant continues to be unable to locate the employee/former employee that Plaintiff has identified as "Myles," then Defendant must notify Plaintiff of its efforts and results.

(4) All deadlines set forth in the Case Management and Scheduling Order (Doc. #22), including the deadline for dispositive motions, remain unaltered and controlling.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of March, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record